[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON AMENDED MOTION FOR CONTEMPT (MOTION No. 113)
This is a Motion for Contempt, pendente lite, claiming the defendant violated the Automatic Orders on June 27, 2002. The defendant was served on January 9, 2002 with a copy of the summons and complaint together with a copy of the Automatic Orders as contained in JD-KM-158 Rev. 4-2000 in accordance with § 25-5 of the Practice Book. Paragraph one of these Automatic Orders reads as follows:
 Neither party shall sell, transfer, encumber (except for the filing of a list pendens), conceal, assign, remove, or in any way dispose of, without the consent of the other party in writing, or an order of the court, any property, individually or jointly held by the parties, except in the usual course of business or for customary and usual household expenses or for reasonable attorney fees in connection with this action. (This section only applies to divorce, annulment, and legal separation cases.) (Bold emphasis in original; underlining added.)
On January 26 and 27, 2002, the defendant caused to be removed from the parties jointly owned residence at 18 Goldfrey Road West in Weston, Connecticut, several items of tangible personal property including household goods, furnishings, rugs and the like. Such items were removed contrary to the order entered on January 7, 2002, and served on the defendant on January 9, 2002.
The court finds the allegations of paragraphs one, two and three of plaintiff's Amended Motion for Contempt to be true. The court finds further that the plaintiff returned from vacation, inspected the marital home and discovered that the defendant had removed furniture, rugs, artwork, and some of their wine collection not withstanding the court orders. Such items as were removed have subsequently been returned.
The court finds that the defendant wilfully and intentionally violated the automatic orders of this court. CT Page 10020
Plaintiff has incurred counsel fees in connection with this matter. The court has examined the affidavit of fees submitted by plaintiff's counsel. All of the time spent by counsel was incurred because of the defendant's violation of the automatic orders. Counsel spent 10.6 hours upon this matter together with approximately two hours court time including preparation. The court finds the hourly rate charged by plaintiff's counsel to be fair and reasonable for a person of his qualifications and expertise. An amount of $4,500 is a fair and reasonable fee for plaintiff's counsel's services plus $136.60 by way of costs.
The defendant shall purge himself of contempt by the payment of $4,636.60 to plaintiff on or before August 15, 2002.
The defendant has tried to justify his actions by claiming that the plaintiff had previously removed several items of personal property from the marital residence. The date that the plaintiff allegedly removed these items was the date of the complaint, February 5, 2002. Defendant's counsel filed a Motion for Return of Personal Property on February 20, 2002. No further court action was taken on this motion. The fact that plaintiff may not have complied with the court's automatic orders does not justify the defendant's failure to comply.
 _______________________ EDGAR W. BASSICK, III JUDGE TRIAL REFEREE